# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JAMES MILLER,<br><br>                              Petitioner,<br><br>                   vs.<br><br>MATTHEW CATE, Director, et al.,<br><br>                              Respondent. | Civil No.   14cv0346-BTM (KSC)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has submitted a document wherein he requests an extension of time to file a Petition for a Writ of Habeas Corpus in this Court presumably, based on his status, pursuant to 28 U.S.C. § 2254.

Petitioner has not filed a Petition for a writ of habeas corpus in this action. Therefore, unless Petitioner is a capital prisoner, he has not initiated habeas proceedings in this Court. Calderon (Nicolaus) v. United States District Court, 98 F.3d 1102, 1107 n. 3 (9th Cir. 1996) ("Unlike non-capital prisoner who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal habeas proceedings by filing a request for appointment of counsel."); McFarland v. Scott, 512 U.S. 849 (1994).

Petitioner does not contend that he is a capital prisoner, that is, a prisoner under sentence of death, and there is nothing in the documents he has submitted which indicates that he is a capital prisoner. If Petitioner wishes to proceed with a habeas action in this Court he must (as

1 is the case with all non-capital prisoners) file a petition for a writ of habeas corpus, which will
2 be given a new civil case number. However, if Petitioner is in fact a capital prisoner, he may
3 request that the Court re-open this action in order to permit him to file a Petition under the civil
4 case number assigned to this action.

5       Further, although Petitioner's request for an extension of time indicates he is aware of the
6 deadline for filing a federal habeas petition (see Application at 1-2), the Court cautions
7 Petitioner that a one-year period of limitation applies to a petition for a writ of habeas corpus by
8 a person in custody pursuant to the judgment of a State court. The limitation period begins to
9 run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

19 28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

20       The statute of limitations is tolled while a properly filed state habeas corpus petition is
21 pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But
22 see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when
23 its delivery and acceptance [by the appropriate court officer for placement into the record] are
24 in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425 F.3d
25 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is
26 ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under
27 consideration by the state court, and therefore does not toll the statute of limitations), as
28 amended 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations

continues to run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

## CONCLUSION AND ORDER

This action is **DISMISSED** without prejudice because Petitioner has not filed a Petition and has therefore failed to initiate federal habeas proceedings in this action. If Petitioner is a capital prisoner he may request to have this case reopened.

**IT IS SO ORDERED.**

DATED: February 20, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court